## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 26 2017, 10:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Newton Kirk,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 26, 2017<br><br>Court of Appeals Case No.<br>49A02-1702-CR-243<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Grant Hawkins, Judge<br><br>Trial Court Cause No.<br>49G05-1502-FA-4221 |

**Altice, Judge.**

## Case Summary

[1] Newton Kirk appeals his aggregate 180-year sentence for four counts of class A felony child molesting, one count of class C felony child molesting, and a repeat sexual offender enhancement. On appeal, Kirk contends that the trial court abused its discretion by failing to consider certain mitigating factors.

[2] We affirm.

## Facts & Procedural History

[3] In 2001, at the age of twenty, Kirk pled guilty to two counts of class B felony child molesting and was sentenced to twelve years – six executed in the Department of Correction (DOC) and six suspended.[1] His probation was revoked in July 2005, and he was returned to the DOC to serve the previously suspended six-year term. After his release on parole in January 2008, Kirk violated parole and was returned to the DOC. He was released in December 2009 and again violated parole in October 2010. Following his third release on parole, Kirk was discharged due to mandatory release in May 2011.

[4] L.E.'s mother (Mother) began dating Kirk in late 2011 and shortly thereafter she and Kirk moved in together. L.E. was seven years old at the time. Mother had primary custody of L.E., and L.E.'s father (Father) exercised parenting time on weekends. Because Mother worked and Kirk was unemployed, Kirk regularly served as L.E.'s primary caretaker. Kirk was a heavy drinker and

---

[1] Kirk also has a juvenile adjudication for committing an act that would constitute class C felony child molesting if committed by an adult. He was fifteen years old when he committed this act.

physically abusive to both Mother and L.E. He often kept L.E. from seeing Father.

[5]     In 2012, when L.E. was eight years old and living in a brown house,[2] Kirk began sexually abusing him while Mother was not at home. On the first occasion, Kirk called L.E. into a bedroom and directed L.E. to take off his clothes. He threatened to whip L.E. if he did not comply. Kirk then directed L.E. to get onto the bed and bend over. After anally raping the boy, Kirk ordered L.E. to open his mouth. He then ejaculated into L.E.'s mouth. Kirk told L.E. that if he told anyone he would kill Father and Grammy, L.E.'s paternal grandmother.

[6]     On another occasion, eight-year-old L.E. was playing video games with Kirk when Kirk unzipped his own pants and told L.E. that if he lost the game he would have to "suck his penis." *Transcript Vol. II* at 51. L.E. lost the game, and Kirk forced L.E.'s head and mouth toward his penis. He made L.E. perform oral sex until Mother returned home several minutes later. This was not the only time that L.E. was forced to perform oral sex on Kirk at this house.

[7]     The abuse continued as Kirk and Mother moved to a blue house when L.E. was about nine years old. At trial, L.E. recounted two specific instances in which Kirk inserted his penis into L.E.'s anus under circumstances similar to what

---

[2] Mother and Kirk moved often between 2011 and 2014. The molestations occurred in two of these residences, which L.E. described as a brown house and a blue house.

occurred in the brown house. During one of these occasions, L.E. was screaming loudly, so Kirk directed him to put his face into a pillow to muffle the screams while he continued to anally penetrate him. L.E. testified that while living at the blue house, Kirk placed his penis inside L.E.'s anus and mouth about seven times.

[8] In July 2014, when L.E. was ten years old and living with Father for the summer, he told his older cousin about the sexual abuse. L.E. warned her not to tell anyone because Kirk would hurt his family. The cousin, however, went to Father to inform him of the abuse, and L.E. then disclosed the abuse to Father. Father contacted the police.

[9] On February 5, 2015, the State charged Kirk with five counts of child molesting, four class A felonies and one class C felony. The State later filed a sixth count alleging that Kirk was a repeat sexual offender. Following a jury trial in November 2016, Kirk was found guilty of all five child molesting counts. Kirk then admitted being a repeat sexual offender. On January 6, 2017, the trial court sentenced Kirk to an aggregate sentence of 180 years in the DOC. Kirk now appeals his sentence, contending that the trial court abused its discretion in determining the mitigating factors. Additional facts will be provided below as needed.

## Discussion & Decision

[10] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d

218. "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

[11] Here, Kirk contends that the trial court failed to find three mitigating factors that he advanced for consideration and that were supported by the record. "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Id.* at 493. Further, the trial court is not obligated to explain why it has found that a proffered mitigating factor does not exist. *Id.* An abuse of discretion will not be found where the mitigation claim is highly disputable in nature, weight, or significance. *See Henderson v. State*, 769 N.E.2d 172, 179 (Ind. 2002).

[12] The first mitigating factor advanced by Kirk below and on appeal is his alleged ongoing mental health issues. We note that Kirk presented no independent evidence to the trial court regarding his mental health. Rather, his trial counsel simply referenced the Presentence Investigation Report (PSI) where Kirk self-reported that he had been diagnosed in 2015 with depression and paranoid schizophrenia and had since been medicated while in jail. In the PSI, Kirk also reported experiencing hallucinations. After noting Kirk's claims in the PSI, counsel stated at the sentencing hearing, "I'm assuming [these mental health issues] have been documented or verified to the satisfaction of the psychiatric

staff at the jail since he is receiving medication to address that." *Transcript Vol. III* at 24.

[13]   As set forth above, Kirk is tasked on appeal with establishing that his mental health was a significant mitigating factor supported by the record. For a defendant's mental health to provide a basis for mitigation, there must be a nexus between the defendant's mental health and the crime in question. *Weedman v. State*, 21 N.E.3d 873, 894 (Ind. Ct. App. 2014), *trans. denied*. Kirk has made no attempt to establish such a nexus, and his evidence supporting the claimed mitigating factor is weak. On this record, we find no abuse of discretion in the trial court's rejection of Kirk's mental health as a mitigating factor.

[14]   Kirk also asserts that the trial court abused its discretion by failing to find his lack of disciplinary problems while incarcerated to be mitigating. The evidence does not support this proffered mitigating factor and, even if supported by the evidence, Kirk does not explain its significance. Kirk's trial counsel simply stated, "throughout [Kirk's] time in jail as well as prior commitments to the [DOC] that I'm not aware of any documented incidents of any disciplinary problems during his periods of incarceration". *Transcript Vol. III* at 24. Counsel's uncorroborated remark "does not lead to a finding that the evidence is clearly supported in the record." *Page v. State*, 689 N.E.2d 707, 711 (Ind. 1997). Moreover, according to the PSI, Kirk had five prior prison conduct incidents. The trial court did not abuse its discretion with respect to this alleged mitigating factor.

[15]   Finally, Kirk contends that the trial court abused its discretion by not finding as mitigating that his mother is seriously ill. Kirk again provided absolutely no evidence at sentencing in support of this alleged mitigating factor.[3] And he does not even attempt on appeal to explain how his mother's health is a relevant consideration in determining his sentence. Kirk has wholly failed to establish an abuse of discretion in this regard.

[16]   Judgment affirmed.

Kirsch, J. and Mathias, J., concur.

---

[3] Kirk's trial counsel stated at sentencing: "He wanted me to let the court know that his mother is seriously ill with cancer and he is saddened by the fact that he will not be available to help her in her time of need." *Transcript Vol. III* at 25.